**FILED**

**APRIL 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*File as correspondence re: Conditional transfer from U.S. Panel on Multi-District Litigation.*

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

March 21, 2008

*Adv. 08-3048*
*Case No. 03-38764-*
*SGJ-13*

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
**RECEIVED**
MAR 2 4 2008
TAWANA MARSHALL, CLERK
By _____
Deputy

Honorable Charles R. Norgle, Sr.
U.S. District Judge
2346 Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

Re:  MDL No. 1604 -- IN RE: Ocwen Federal Bank FSB Mortgage Servicing Litigation

(See Attached CTO-49)

Dear Judge Norgle:

For your information, I am enclosing a copy of a conditional transfer order filed today by the Panel in this matter.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Deputy Clerk

cc:    Judge Stacey G. Jernigan

JPML Form 39B

**08 C 2356**                    **JUDGE NORGLE**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 1 2008

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: OCWEN FEDERAL BANK FSB MORTGAGE
SERVICING LITIGATION**

Pamela J. Mays v. Ocwen Loan Servicing, LLC,  )
N.D. Texas, Bky. Advy. No. 3:08-3048        )      MDL No. 1604

## CONDITIONAL TRANSFER ORDER (CTO-49)

On April 13, 2004, the Panel transferred six civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 314 F.Supp.2d 1376 (J.P.M.L. 2004). Since that time, 80 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Norgle, Sr.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Norgle.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of April 13, 2004, and, with the consent of that court, assigned to the Honorable Charles R. Norgle, Sr.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# U.S. Bankruptcy Court
## Northern District of Texas (Dallas)
## Adversary Proceeding #: 08-03048-sgj

*Assigned to:* Stacey G. Jernigan                    *Date Filed:* 02/18/08
*Related BK Case:* 03-38764
*Related BK Title:* Pamela J. Mays
*Related BK Chapter:* 13
*Demand:*
 *Nature[s] of Suit:*  14 Recovery of money/property - other
                 72 Injunctive relief - other

**Plaintiff**
-----------------------
**Pamela J. Mays**                    represented by **Billy D. Price**
5489 Blair Road.                          Billy D. Price, P.C.
Suite 425                                 5489 Blair Rd., Suite 425
Dallas, TX 75231                          Dallas, TX 75231-4134
SSN: xxx-xx-5007                          214-696-9601
                                          Fax : 214-696-9635
                                          Email: north@billydpricepc.com
                                          *LEAD ATTORNEY*

V.

**Defendant**
-----------------------
**Ocwen Loan Servicing, LLC**             represented by **Ocwen Loan Servicing, LLC**
                                          PRO SE

| Filing Date | Docket Text |
|---|---|
| 02/18/2008 | 1 Adversary case 08-03048. Complaint by Pamela J. Mays against Ocwen Loan Servicing, LLC. Fee Amount $250. Nature(s) of suit: 14 (Recovery of money/property - other). 72 (Injunctive relief - other). (Price, Billy) |
| 02/19/2008 | 2 Notice of deficiency . Adversary Cover Sheet due 2/21/2008. (Whitaker, S) |
| 02/20/2008 | 3 Summons issued on Ocwen Loan Servicing, LLC Answer Due 3/21/2008 (Mathews, M.) |
| 02/20/2008 | 4 Scheduling order setting deadlines. Discovery and all exhibits except impeachment documents: 45 days prior, pre-trial order: 7 calendar days prior, proposed findings of fact and conclusions of law: 7 days prior to first scheduled |

| | |
|---|---|
| | docket call. Entered on 2/20/2008 (RE: related document(s)1 Complaint filed by Plaintiff Pamela J. Mays). Trial Docket Call date set for 7/14/2008 at 01:30 PM at Dallas Judge Jernigan Ctrm. (Mathews, M.) |
| 02/20/2008 | Receipt of filing fee for Complaint(08-03048-sgj) [cmp,cmp] ( 250.00). Receipt number M333333, No fee - filed by the debtor amount $ 0.00. (Johnson) |
| 02/21/2008 | 5 BNC certificate of mailing. (RE: related document(s)2 Notice of deficiency . Adversary Cover Sheet due 2/21/2008. (Whitaker, S)) No. of Notices: 1. Service Date 02/21/2008. (Admin.) (Entered: 02/22/2008) |
| 02/27/2008 | 6 Adversary proceeding cover sheet filed by Plaintiff Pamela J. Mays (RE: related document(s)1 Complaint, 2 Notice of deficiency). (Price, Billy) |
| 03/05/2008 | 7 Summons service executed on Ocwen Loan Servicing, LLC 3/5/2008 (Attachments: # 1 Complaint# 2 Order# 3 proof of certified mailing) (Price, Billy) |
| 03/24/2008 | 8 Correspondence Re: MDL No. 1604 - Conditional Transfer from U.S. Panel on Multi-District Litigation. (Moroles, D.) (Entered: 04/08/2008) |

Billy D. Price
Billy D. Price, P.C.
5489 Blair Rd., Ste. 425
Dallas, Texas  75231
Voice  214-696-9601
Fax  214-696-9635
SBN  16283860

**Attorney for Debtor**

## UNITED STATES BANKRUPTCY COURT
## NORTHRN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.  03-38764 |
| Pamela J. Mays | § | |
| | § | |
| | § | |
| DEBTOR | § | CHAPTER 13 |
| | § | |
| Pamela J. Mays | § | |
| | § | |
| | § | ADVERSARY NO.   03-38764 |
| PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | |
| Ocwen Loan Servicing, LLC | § | |
| | § | |
| | § | |
| DEFENDANT | § | |

### COMPLAINT FOR DAMAGES IN A CORE ADVERSARY PROCEEDING

TO THE HONORABLE JUDGE OF SAID COURT:

This is an action brought by the Plaintiff pursuant to Bankruptcy rules 7001 and 3001for

violations of  Sections 362, 330, 1327 and 1328 of the Bankruptcy Code and for violations of

Rule 2016 (a) of the Bankruptcy Rules, for the misapplication of payments, improper charges

and fees assessed by Ocwen Loan Servicing, LLC ("Ocwen") while the Plaintiff was protected

by the Bankruptcy Code and Rules, and Contempt of Court for Ocwen's flagrant disregard of this Court's Orders.   The Plaintiff would show the following:

## Jurisdiction and Venue

1.    This is an action for actual and punitive damages filed by the Plaintiff pursuant to FED. R. BANKR. P. 7001(1), (7), & (9) and 2016.  Sections 105, 506, 362, 524 and 1327 of the Bankruptcy Code and Rules, as well as State Law claims more particularly described below.

2.    This action is also filed to enforce the Order of Confirmation and the Discharge Order duly entered in this Chapter 13 and to enforce and implement other Bankruptcy Code provisions and Rules related thereto.

3    Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Plaintiff in that case.

4.    This Court has both personal and subject matter jurisdiction to hear this case pursuant to Sections 1334 and 157(b)(2) of Title 28 of the United States Code.

5.    This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in the event that Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6.    Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

7.    The Plaintiff in this case is the Debtor in Case Number 02-35817, filed in the Northern District of Texas, Dallas Division.

8.    The Defendant, Ocwen, can be served with process by serving its Chief Executive Officer, William C. Erbey, at 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409.

### Factual Allegations

9.    Debtor filed this case on August 29, 2003.

10.    The Chapter 13 plan was filed on August 29, 2003.

11.    Ocwen filed an Objection to the Chapter 13 plan on September 19, 2003.

12.    Debtor's counsel filed an Objection to Ocwen's Proof of Claim. The Objection pertained to the amount of the arrears in Ocwen's Proof of Claim in amount of $43,539.13, and the principal amount of $128,175.34.  Debtor alleged that the arrears owed at that time was $11,490.31 and the principal amount owed was $94,098.43.

13.    Ocwen filed a response to Debtor's objection to their proof of claim on July 12, 2004.

14.    The Confirmation pre-hearing conference was set for August 12, 2004, at 8:30 a.m. at the Dallas Standing Chapter 13 Trustee's office, Tom Powers.

15.    The Confirmation hearing was set for August 12, 2004, at 2:00 before this Court.

16.    Ocwen did not send a representative to either the Confirmation pre-hearing conference or the Confirmation hearing that afternoon.

17.    On August 20, 2004, this Court sustained the objection filed by the Debtor on Ocwen's claim and confirmed the Debtor's Chapter 13 Plan.

18.    The confirmed plan set the amount of arrears owed to Ocwen for pre-petition arrearages at $11,490.31 and the principal amount owed was 94,098.43.

19.    On June 4, 2007, this Court signed an Order discharging the Debtor.

20.     On July 13, 2007, Ocwen filed a Motion to reconsider the Court's earlier Order sustaining Debtor's Objection to Ocwen's Proof of Claim.

21.     On July 20, 2007, this Court issued an Order Denying Ocwen's Motion for Reconsideration of Order on Debtor's Objection to Ocwen's Claim.

22.     Ocwen sent the Debtor a statement on January 3, 2008, which shows that Ocwen had added back the amount that this Court had previously disallowed denying their request to reconsider.  The statement also indicated that Ocwen charged the debtor for Attorney's fees and expenses while her case was pending in the amount of $6,522.80 without seeking Court approval to charge such fees.

23.     Debtor alleges that she made all of her mortgage payments from the time she filed her bankruptcy through the present.

24.     Debtor alleges that Ocwen failed to properly account for and apply payments received during the administration of the Debtor's Chapter 13 Bankruptcy.  The misapplication of payments caused the amount of interest owed to Ocwen to increase and other default fees to be assessed, which should not have been assessed.

25.     Debtors allege that the actions mentioned in paragraph 24, above, is in violation of the Debtor's Discharge Order and in violation of 11 U.S.C. § 524(i).

27.     Plaintiff alleges that during the bankruptcy, Ocwen placed of funds into a suspense account that was not authorized by the Real Estate Note and Deed of Trust.

26.     Plaintiff alleges that the misapplication of mortgage payments by Ocwen was in violation of the Real Estate Note and Deed of Trust.

27.     Plaintiff alleges that the placement of funds into an escrow account was improper and in contravention of the Bankruptcy Code and Rules.

28.     The Plaintiff has been damaged by the Defendant's actions in that she has been and continues to be forced to expend her time, energy and expenses toward the defense of this contested matter to enforce her rights and have incurred substantial and significant legal fees and expenses in connection therewith.

### First Claim for Relief
### (Contempt for Willful Violation of the Discharge Order and
### the Court's Order Disallowing Their Objection to Confirmation)

29.     The allegations in paragraphs 1 through 28 of the complaint are realleged and incorporated herein by this reference.

29.     The actions of the Defendant, by failing to properly account for and apply payments received during the administration of the Plaintiff's Chapter 13 case, was in willful violation of the Order Confirming the Plaintiff's Chapter 13 Plan and the Discharge Order, after the case was discharged.

30.     Defendant is also guilty of violating the Court's Order of Confirmation and the Court's Order on Debtor's Objection to Ocwen's Proof of Claim.  After discharge, Ocwen added back the amount that this Court had disallowed and ignored the Court's decision denying their request to reconsider.

31.     Defendant should be held in contempt for these actions and sanctioned an amount reasonably contemplated to coerce compliance.

32.     As a result of the above violations, and pursuant to the Court's inherent powers granted by 11 U.S.C. § 105 to enforce provisions of the Bankruptcy code, the Plaintiff requests the Court to hold the Defendant in Contempt and sanction the Defendant for actual damages, punitive damages and legal fees for their flagrant refusal to obey Orders of this Court.

### Second Claim for Relief
### (Declaratory Judgment)

33.    The allegations in paragraphs 1 through 32 of the complaint are realleged and incorporated herein by this reference.

34.    Plaintiff is entitled to a declaration from this Court that upon completion of her bankruptcy, Plaintiff was current on her mortgage and escrow with Defendant.

35.    As a result of the above violations, and pursuant to the Court's inherent powers granted by 11 U.S.C. § 105 to enforce provisions of the Bankruptcy Code, the Plaintiff requests the Court to hold the Defendant in Contempt and sanction the Defendant for actual damages, punitive damages and legal fees.

**Third Claim for Relief**
**Breach of Contract**

36.    The allegations in paragraphs 1 through 35 of the complaint are realleged and incorporated herein by this reference.

37.    Plaintiff contracted with Defendant, or the party that Defendant is servicing the note for, to carry a promissory note and deed of trust when the Plaintiff's purchased her homestead.

38.    Plaintiff bargained and performed in good faith.  In violation of these promises and obligations under the contract, the Defendant:

a. improperly calculated escrow;

b. misapplied mortgage payments to principal and interest;

c. falsely claimed that mortgage payments were not  current;

d. incorrectly assessed late fees;

e. improperly accelerated the promissory note; and,

f. charged fees and expenses that were unreasonable and unnecessary.

39.    The conduct and behavior of the Defendant has caused the Plaintiff to expend numerous hours of time in gathering information to prove that she has in fact paid all of her mortgage payments and to prevent the Defendant from moving to foreclose on her home.  The Plaintiff has suffered severe emotional distress from constantly being in fear that she is going to lose her home.  The Plaintiff should not have to continuously put up with the Defendant's unlawful tactics in adding bogus fees and charges and in adding charges back to her mortgage account that was disallowed in her bankruptcy. The Plaintiff asks the Court to sanction the Defendant for this behavior to compensate her for what she has had to endure unnecessarily and as a deterrent for the Defendant from attempting this type of behavior in the future.

40.    Plaintiff is entitled to recover reasonable attorneys fees pursuant to Texas Civil Practice and Remedies Code § 38.001 for Defendant's breach of contract.

### Fourth Claim for Relief
### (Section 105(a) Relief-Sanctions and Permanent Injunction)

41.    The allegations in paragraphs 1 through 40 of the complaint are realleged and incorporated herein by this reference.

42.    Defendant, as an active participant in the Plaintiff's Chapter 13 case, became bound to comply and adhere to the spirit and the letter of the Bankruptcy Code and Rules.

43.    By accepting payments directly from the Plaintiff and through the Chapter 13 Plan disbursed from the Chapter 13 Trustee, Defendant was bound to properly apply each of those payments governed by the contractual agreements between the parties and pursuant to that portion of the Defendant's Proof of Claim that was allowed by the Court.

44.    Defendant has abused the bankruptcy process by accepting payments from the Plaintiff and the Chapter 13 Trustee, and by failing to properly account and apply each of those payments to accurately benefit the Plaintiff.

45.    The actions of the Defendant has frustrated and circumvented the intended consequences of the completed Chapter 13 case by denying the Plaintiff the ability to enjoy her fresh start subsequent to her discharge.

46.    The actions of the Defendant were willful and entitle Plaintiff to actual and punitive damages as sanctions.

47.    Plaintiff is additionally entitled to a permanent injunction, enjoining the Defendant from continuing to misapply payments, from declarations of default based upon misapplied payments, and to adjust Plaintiff's mortgage account to take out all charges, fees and expenses complained of.

48.    Plaintiff is entitled to her reasonable costs and attorney fees in seeking the declaration from this Court.

### Fifth Claim for Relief
### (Violation of the Confirmation Order)

49.    The factual allegations contained in paragraphs 1 through 48 are realleged and incorporated herein by this reference.

50.    The Confirmation Order signed by this Court on August 20, 2004, bound all parties to the terms of the Confirmation Order.  In the case of *In re Gellington*, Judge Hale noted, "Since § 1327 (a) prohibits any creditor from asserting any additional interest than those provided for in the plan after confirmation, § 1327 (a) and *res judicata* serve the same purpose." *In re Gellington*, 2007 Bankr. Lexis 773, 11-12, (Bankr. N. D. Tex. 2007), citing *In re Layo,* 460 F. 3d 289,293 (2nd Cir. 2006).  Judge Hale further noted, "Both Debtor and Attorney General [Creditor in this case] are now bound by the terms and conditions of the confirmed Plan because the provisions of a confirmed Chapter 13 plan 'bind the debtor and each creditor, whether or not the claim of such creditor is provided for in the plan. … this binding effect of confirmation has

led courts to conclude that proceedings inconsistent or incompatible with the confirmed plan are improper'." *Gellington* at 11, c*iting In re Murray*, 350 B.R. 408, 418 (Bankr. S.D. Ohio 2006).

51.     The actions of the Defendant in charging improper and unauthorized fees; failing to properly apply mortgage payments; and, charging post-petition legal fees and expenses to Plaintiff's mortgage loan account, without Court approval, constitute willful and intentional violations of the provisions of 11 U.S.C. § 1327 (a).

52.     As a result of the above violations, and pursuant to the Court's inherent powers granted by 11 U.S.C. § 105 to enforce provisions of the Bankruptcy Code, the Plaintiff request the Court to hold the Defendant in Contempt and sanction the Defendant for actual damages, punitive damages and legal fees.

## Sixth Claim for Relief
### (Financial Related Damages/Attorneys' Fees and Costs)

53.     The allegations in paragraphs 1 through 52 of the complaint are realleged and incorporated herein by this reference.

54.     An award of damages to cover the value of any loss, out-of-pocket expenses or cost incurred, including the value of the personal time of the Plaintiff in having to deal with the conduct and actions of Defendant, and in having to participate in this adversary proceeding is required.

55.     It was necessary to employ Billy D. Price and his law firm, Billy D. Price, P.C., to represent the Plaintiff in this Complaint for Contempt and Damages.  Billy D. Price and his law firm are entitled to compensation for this representation.  Plaintiff requests this Court to award Billy D. Price and his law firm all attorney's fees, costs and expenses due and owing, and which will become due and owing as a result of prosecuting this adversary proceeding to conclusion.

**WHEREFORE,** the Plaintiff having set for her claims for relief against the Defendant, respectfully pray of the Court as follows:

A.  That the Plaintiff have an recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B.  That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

C.  That the Plaintiff have a permanent injunction, enjoining the Defendant from continuing to misapply payments and from future declarations of default based upon misapplied payments;

D.  That the Defendant provide an accounting from June of 2002 until the present on every charge and fee assessed and how each payment was applied;

E.  That the Plaintiff have a declaratory judgment that they were current on all mortgage payments to the Defendant at the time the Chapter 13 case was discharged;

F.  That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by Billy D. Price and his law firm, Billy D. Price, P.C; and,

G.  That the Plaintiff have such other and further relief as the Court may deem just and proper.

DATED:  2/18/08

Respectfully Submitted

*Billy D. Price*

BILLY D. PRICE, P.C.
Billy D. Price
State Bar No.  16283860
5489 Blair Road, Suite 425
Dallas, Texas  75231

214-696-9601 (Voice)
214-696-9635 (Fax)
ATTORNEY FOR DEBTOR-PLAINTIFF

## CERTIFICATE OF SERVICE

I thereby certify that a true and correct copy of the foregoing Complaint for Damages has been served by me on this the 18th, day of February, 2008, on the parties listed below by the method indicated:

VIA FIRST CLASS MAIL
Pamela J. Mays
1317 Limetree Lane
Irving, TX 75061-4350

VIA ELECTRONIC MAIL
Thomas Powers

VIA ELECTTONIC MAIL
United States Trustee

By: _____

Billy D. Price
SBN  16283860

Billy D. Price
Billy D. Price, P.C.
5489 Blair Rd., Ste. 425
Dallas, Texas 75231
Voice 214-696-9601
Fax 214-696-9635
SBN 16283860

**Attorney for Debtor**

## UNITED STATES BANKRUPTCY COURT
## NORTHRN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.  03-38764 |
|    Pamela J. Mays | § | |
| | § | |
| | § | |
| **DEBTOR** | § | **CHAPTER 13** |
| | § | |
| Pamela J. Mays | § | |
| | § | |
| | § | **ADVERSARY NO.  03-38764** |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | |
| | § | |
|    Ocwen Loan Servicing, LLC | § | |
| | § | |
| | § | |
|    **DEFENDANT** | § | |

##   COMPLAINT FOR DAMAGES IN A CORE ADVERSARY PROCEEDING

TO THE HONORABLE JUDGE OF SAID COURT:

    This is an action brought by the Plaintiff pursuant to Bankruptcy rules 7001 and 3001 for

violations of  Sections 362, 330, 1327 and 1328 of the Bankruptcy Code and for violations of

Rule 2016 (a) of the Bankruptcy Rules, for the misapplication of payments, improper charges

and fees assessed by Ocwen Loan Servicing, LLC ("Ocwen") while the Plaintiff was protected

by the Bankruptcy Code and Rules, and Contempt of Court for Ocwen's flagrant disregard of this Court's Orders.   The Plaintiff would show the following:

## Jurisdiction and Venue

1.    This is an action for actual and punitive damages filed by the Plaintiff pursuant to FED. R. BANKR. P. 7001(1), (7), & (9) and 2016.  Sections 105, 506, 362, 524 and 1327 of the Bankruptcy Code and Rules, as well as State Law claims more particularly described below.

2.    This action is also filed to enforce the Order of Confirmation and the Discharge Order duly entered in this Chapter 13 and to enforce and implement other Bankruptcy Code provisions and Rules related thereto.

3     Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Plaintiff in that case.

4.    This Court has both personal and subject matter jurisdiction to hear this case pursuant to Sections 1334 and 157(b)(2) of Title 28 of the United States Code.

5.    This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in the event that Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6.    Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

7.    The Plaintiff in this case is the Debtor in Case Number 02-35817, filed in the Northern District of Texas, Dallas Division.

8.    The Defendant, Ocwen, can be served with process by serving its Chief Executive Officer, William C. Erbey, at 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409.

## Factual Allegations

9.    Debtor filed this case on August 29, 2003.

10.    The Chapter 13 plan was filed on August 29, 2003.

11.    Ocwen filed an Objection to the Chapter 13 plan on September 19, 2003.

12.    Debtor's counsel filed an Objection to Ocwen's Proof of Claim. The Objection pertained to the amount of the arrears in Ocwen's Proof of Claim in amount of $43,539.13, and the principal amount of $128,175.34. Debtor alleged that the arrears owed at that time was $11,490.31 and the principal amount owed was $94,098.43.

13.    Ocwen filed a response to Debtor's objection to their proof of claim on July 12, 2004.

14.    The Confirmation pre-hearing conference was set for August 12, 2004, at 8:30 a.m. at the Dallas Standing Chapter 13 Trustee's office, Tom Powers.

15.    The Confirmation hearing was set for August 12, 2004, at 2:00 before this Court.

16.    Ocwen did not send a representative to either the Confirmation pre-hearing conference or the Confirmation hearing that afternoon.

17.    On August 20, 2004, this Court sustained the objection filed by the Debtor on Ocwen's claim and confirmed the Debtor's Chapter 13 Plan.

18.    The confirmed plan set the amount of arrears owed to Ocwen for pre-petition arrearages at $11,490.31 and the principal amount owed was 94,098.43.

19.    On June 4, 2007, this Court signed an Order discharging the Debtor.

20.    On July 13, 2007, Ocwen filed a Motion to reconsider the Court's earlier Order sustaining Debtor's Objection to Ocwen's Proof of Claim.

21.    On July 20, 2007, this Court issued an Order Denying Ocwen's Motion for Reconsideration of Order on Debtor's Objection to Ocwen's Claim.

22.    Ocwen sent the Debtor a statement on January 3, 2008, which shows that Ocwen had added back the amount that this Court had previously disallowed denying their request to reconsider. The statement also indicated that Ocwen charged the debtor for Attorney's fees and expenses while her case was pending in the amount of $6,522.80 without seeking Court approval to charge such fees.

23.    Debtor alleges that she made all of her mortgage payments from the time she filed her bankruptcy through the present.

24.    Debtor alleges that Ocwen failed to properly account for and apply payments received during the administration of the Debtor's Chapter 13 Bankruptcy. The misapplication of payments caused the amount of interest owed to Ocwen to increase and other default fees to be assessed, which should not have been assessed.

25.    Debtors allege that the actions mentioned in paragraph 24, above, is in violation of the Debtor's Discharge Order and in violation of 11 U.S.C. § 524(i).

27.    Plaintiff alleges that during the bankruptcy, Ocwen placed of funds into a suspense account that was not authorized by the Real Estate Note and Deed of Trust.

26.    Plaintiff alleges that the misapplication of mortgage payments by Ocwen was in violation of the Real Estate Note and Deed of Trust.

27.    Plaintiff alleges that the placement of funds into an escrow account was improper and in contravention of the Bankruptcy Code and Rules.

28.     The Plaintiff has been damaged by the Defendant's actions in that she has been and continues to be forced to expend her time, energy and expenses toward the defense of this contested matter to enforce her rights and have incurred substantial and significant legal fees and expenses in connection therewith.

### First Claim for Relief
### (Contempt for Willful Violation of the Discharge Order and
### the Court's Order Disallowing Their Objection to Confirmation)

29.     The allegations in paragraphs 1 through 28 of the complaint are realleged and incorporated herein by this reference.

29.     The actions of the Defendant, by failing to properly account for and apply payments received during the administration of the Plaintiff's Chapter 13 case, was in willful violation of the Order Confirming the Plaintiff's Chapter 13 Plan and the Discharge Order, after the case was discharged.

30.     Defendant is also guilty of violating the Court's Order of Confirmation and the Court's Order on Debtor's Objection to Ocwen's Proof of Claim.  After discharge, Ocwen added back the amount that this Court had disallowed and ignored the Court's decision denying their request to reconsider.

31.     Defendant should be held in contempt for these actions and sanctioned an amount reasonably contemplated to coerce compliance.

32.     As a result of the above violations, and pursuant to the Court's inherent powers granted by 11 U.S.C. § 105 to enforce provisions of the Bankruptcy code, the Plaintiff requests the Court to hold the Defendant in Contempt and sanction the Defendant for actual damages, punitive damages and legal fees for their flagrant refusal to obey Orders of this Court.

### Second Claim for Relief
### (Declaratory Judgment)

33.    The allegations in paragraphs 1 through 32 of the complaint are realleged and incorporated herein by this reference.

34.    Plaintiff is entitled to a declaration from this Court that upon completion of her bankruptcy, Plaintiff was current on her mortgage and escrow with Defendant.

35.    As a result of the above violations, and pursuant to the Court's inherent powers granted by 11 U.S.C. § 105 to enforce provisions of the Bankruptcy Code, the Plaintiff requests the Court to hold the Defendant in Contempt and sanction the Defendant for actual damages, punitive damages and legal fees.

### Third Claim for Relief
### Breach of Contract

36.    The allegations in paragraphs 1 through 35 of the complaint are realleged and incorporated herein by this reference.

37.    Plaintiff contracted with Defendant, or the party that Defendant is servicing the note for, to carry a promissory note and deed of trust when the Plaintiff's purchased her homestead.

38.    Plaintiff bargained and performed in good faith.  In violation of these promises and obligations under the contract, the Defendant:

    a. improperly calculated escrow;

    b. misapplied mortgage payments to principal and interest;

    c. falsely claimed that mortgage payments were not  current;

    d. incorrectly assessed late fees;

    e. improperly accelerated the promissory note; and,

    f. charged fees and expenses that were unreasonable and unnecessary.

39.    The conduct and behavior of the Defendant has caused the Plaintiff to expend numerous hours of time in gathering information to prove that she has in fact paid all of her mortgage payments and to prevent the Defendant from moving to foreclose on her home.  The Plaintiff has suffered severe emotional distress from constantly being in fear that she is going to lose her home.  The Plaintiff should not have to continuously put up with the Defendant's unlawful tactics in adding bogus fees and charges and in adding charges back to her mortgage account that was disallowed in her bankruptcy. The Plaintiff asks the Court to sanction the Defendant for this behavior to compensate her for what she has had to endure unnecessarily and as a deterrent for the Defendant from attempting this type of behavior in the future.

40.    Plaintiff is entitled to recover reasonable attorneys fees pursuant to Texas Civil Practice and Remedies Code § 38.001 for Defendant's breach of contract.

### Fourth Claim for Relief
### (Section 105(a) Relief-Sanctions and Permanent Injunction)

41.    The allegations in paragraphs 1 through 40 of the complaint are realleged and incorporated herein by this reference.

42.    Defendant, as an active participant in the Plaintiff's Chapter 13 case, became bound to comply and adhere to the spirit and the letter of the Bankruptcy Code and Rules.

43.    By accepting payments directly from the Plaintiff and through the Chapter 13 Plan disbursed from the Chapter 13 Trustee, Defendant was bound to properly apply each of those payments governed by the contractual agreements between the parties and pursuant to that portion of the Defendant's Proof of Claim that was allowed by the Court.

44.    Defendant has abused the bankruptcy process by accepting payments from the Plaintiff and the Chapter 13 Trustee, and by failing to properly account and apply each of those payments to accurately benefit the Plaintiff.

45.    The actions of the Defendant has frustrated and circumvented the intended consequences of the completed Chapter 13 case by denying the Plaintiff the ability to enjoy her fresh start subsequent to her discharge.

46.    The actions of the Defendant were willful and entitle Plaintiff to actual and punitive damages as sanctions.

47.    Plaintiff is additionally entitled to a permanent injunction, enjoining the Defendant from continuing to misapply payments, from declarations of default based upon misapplied payments, and to adjust Plaintiff's mortgage account to take out all charges, fees and expenses complained of.

48.    Plaintiff is entitled to her reasonable costs and attorney fees in seeking the declaration from this Court.

### Fifth Claim for Relief
### (Violation of the Confirmation Order)

49.    The factual allegations contained in paragraphs 1 through 48 are realleged and incorporated herein by this reference.

50.    The Confirmation Order signed by this Court on August 20, 2004, bound all parties to the terms of the Confirmation Order.  In the case of *In re Gellington*, Judge Hale noted, "Since § 1327 (a) prohibits any creditor from asserting any additional interest than those provided for in the plan after confirmation, § 1327 (a) and *res judicata* serve the same purpose." *In re Gellington*, 2007 Bankr. Lexis 773, 11-12, (Bankr. N. D. Tex. 2007), citing *In re Layo,* 460 F. 3d 289,293 (2nd Cir. 2006).  Judge Hale further noted, "Both Debtor and Attorney General [Creditor in this case] are now bound by the terms and conditions of the confirmed Plan because the provisions of a confirmed Chapter 13 plan 'bind the debtor and each creditor, whether or not the claim of such creditor is provided for in the plan. ... this binding effect of confirmation has

led courts to conclude that proceedings inconsistent or incompatible with the confirmed plan are

improper'." *Gellington* at 11, *citing In re Murray*, 350 B.R. 408, 418 (Bankr. S.D. Ohio 2006).

51.     The actions of the Defendant in charging improper and unauthorized fees; failing

to properly apply mortgage payments; and, charging post-petition legal fees and expenses to

Plaintiff's mortgage loan account, without Court approval, constitute willful and intentional

violations of the provisions of 11 U.S.C. § 1327 (a).

52.     As a result of the above violations, and pursuant to the Court's inherent powers

granted by 11 U.S.C. § 105 to enforce provisions of the Bankruptcy Code, the Plaintiff request

the Court to hold the Defendant in Contempt and sanction the Defendant for actual damages,

punitive damages and legal fees.

## Sixth Claim for Relief
### (Financial Related Damages/Attorneys' Fees and Costs)

53.     The allegations in paragraphs 1 through 52 of the complaint are realleged and

incorporated herein by this reference.

54.     An award of damages to cover the value of any loss, out-of-pocket expenses or

cost incurred, including the value of the personal time of the Plaintiff in having to deal with the

conduct and actions of Defendant, and in having to participate in this adversary proceeding is

required.

55.     It was necessary to employ Billy D. Price and his law firm, Billy D. Price, P.C., to

represent the Plaintiff in this Complaint for Contempt and Damages.  Billy D. Price and his law

firm are entitled to compensation for this representation.  Plaintiff requests this Court to award

Billy D. Price and his law firm all attorney's fees, costs and expenses due and owing, and which

will become due and owing as a result of prosecuting this adversary proceeding to conclusion.

**WHEREFORE,** the Plaintiff having set for her claims for relief against the Defendant, respectfully pray of the Court as follows:

A.  That the Plaintiff have an recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B.  That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

C.  That the Plaintiff have a permanent injunction, enjoining the Defendant from continuing to misapply payments and from future declarations of default based upon misapplied payments;

D.  That the Defendant provide an accounting from June of 2002 until the present on every charge and fee assessed and how each payment was applied;

E.  That the Plaintiff have a declaratory judgment that they were current on all mortgage payments to the Defendant at the time the Chapter 13 case was discharged;

F.  That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by Billy D. Price and his law firm, Billy D. Price, P.C; and,

G.  That the Plaintiff have such other and further relief as the Court may deem just and proper.

DATED:  2/18/08

Respectfully Submitted

§¨©

BILLY D. PRICE, P.C.
Billy D. Price
State Bar No.  16283860
5489 Blair Road, Suite 425
Dallas, Texas  75231
214-696-9601 (Voice)
214-696-9635 (Fax)

ATTORNEY FOR DEBTOR-PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint for Damages has been served by me on this the 18th, day of February, 2008, on the parties listed below by the method indicated:

VIA FIRST CLASS MAIL
Pamela J. Mays
1317 Limetree Lane
Irving, TX 75061-4350

VIA ELECTRONIC MAIL
Thomas Powers

VIA ELECTTONIC MAIL
United States Trustee

By: §¨©
Billy D. Price
SBN 16283860

BTXN 090 (rev. 03/06)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re:                                              §
Pamela J. Mays                                      §
                                                    §
                                    Debtor(s)       §    Case No.:   03−38764−sgj13
                                                    §    Chapter No.:  13
Pamela J. Mays                                      §
                                                    §    Adversary No.:   08−03048−sgj
                                    Plaintiff(s)    §
        vs.                                         §
Ocwen Loan Servicing, LLC                           §
                                                    §
                                    Defendant(s)    §

## ORDER REGARDING ADVERSARY PROCEEDINGS TRIAL SETTING AND ALTERNATIVE SCHEDULING ORDER

An adversary complaint is set for trial routinely at the time of its filing. Special settings or pretrial conferences may be scheduled by contacting the appropriate Courtroom Deputy.

**TRIAL** is set before the **Honorable Stacey G. Jernigan** at **Courtroom #1, 14th Fl., 1100 Commerce St., Dallas** the week of **July 21, 2008** . Docket call for this trial will be held on **July 14, 2008 at 1:30 PM** at **Courtroom #1, 14th Fl., 1100 Commerce St., Dallas** . A pretrial conference shall be scheduled by the parties at least seven (7) calendar days prior to trial docket call in a complex adversary proceeding if the parties anticipate that trial will exceed one day or if there are preliminary matters that should be addressed by the Court prior to the commencement of trial.

## PART I: INSTRUCTIONS

1. Plaintiff is responsible for ensuring that proper service is provided to each defendant. The Clerk shall issue one original summons, which shall be conformed by the plaintiff for service on multiple defendants. Federal Bankruptcy Rule 7004(e) requires you to serve the fully completed **SUMMONS** form and a copy of the **COMPLAINT** on each defendant within ten (10) days of issuance. In addition, the Court also directs that this **ORDER** *be served with the* **SUMMONS and COMPLAINT.**

2. Plaintiff shall file a **RETURN** on the **SUMMONS** with a **CERTIFICATE OF SERVICE** that provides the name and address of each party served and the manner of service.

3. If a trial setting is passed for settlement at trial docket call and no written request is filed to retain the case on the Court's docket, an automatic Dismissal Without Prejudice shall be entered on or after four (4) weeks. The Court's Trial Calendar is available on the court's web site at www.txnb.uscourts.gov.

## PART II: GENERAL PROVISIONS GOVERNING DISCOVERY

1. Unless otherwise ordered by the Court, the disclosures required by Federal Bankruptcy Rule 7026(a) shall be made within ten (10) days of the entry of a scheduling order, including the Alternative Scheduling Order contained in Part III below (which shall become effective on the forty−sixth day following the entry of this Order).

2. Unless the parties agree or the Court orders otherwise, Federal Bankruptcy Rule 7026(f) requires that parties shall confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Federal Bankruptcy Rule 7026(a)(1), to develop a proposed discovery plan, and to submit a proposed scheduling order. The parties shall confer with each other regarding these matters within thirty (30) days of the service of the Summons unless the Court orders otherwise.

3. During such conference, the parties may agree to waive the requirement of submitting their own proposed scheduling order and may follow the terms and deadlines contained in the Alternative Scheduling Order set forth in Part III below (the "Alternative Scheduling Order"). If the parties do not submit a proposed scheduling order or do not schedule a status conference with the Court to discuss the provisions and deadlines of a scheduling order within forty−five days of the filing of this adversary proceeding, then the parties are deemed to have consented to the terms of the Alternative Scheduling Order.

## PART III: ALTERNATIVE SCHEDULING ORDER

The Court directs compliance with the following schedule:

1. Discovery must be completed forty–five (45) days prior to Docket Call. The names and addresses of experts must be exchanged sixty (60) days prior to Docket Call.

2. A Joint Pretrial Order in compliance with Local District Court Rule 16.4 shall be filed, served, and uploaded for Court entry seven (7) days prior to Docket Call. All counsel (or a pro se party) are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney (or pro se party).

3. Each exhibit shall be marked with an exhibit label. Except for impeachment documents, all exhibits, along with a list of witnesses to be called, shall be exchanged with opposing counsel (or pro se party) fifteen (15) days prior to Docket Call. Each party shall also file a list of exhibits and witnesses fifteen (15) days prior to Docket Call. All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance. Written objections to exhibits will be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

4. Written Proposed Findings of Fact and Conclusions of Law shall be filed seven (7) days prior to Docket Call. Trial briefs shall be filed addressing contested issues of law seven (7) days prior to Docket Call.

5. Unless otherwise directed by the Presiding Judge, all dispositive motions must be heard no later than fifteen (15) days prior to Docket Call. Accordingly, all dispositive motions must be filed no later than forty–five (45) days prior to Docket Call, unless the Court modifies this deadline.

6. All parties and counsel must certify to full compliance with this Order at Docket Call. If a resetting is allowed by the Court, the plaintiff or plaintiff's attorney shall notify all other parties and shall file with the Clerk a certificate of service indicating the manner, date, and to whom notice was given.

7. If the case is reset, all the deadlines in Part III nos. 1 through 5 will be shifted to the newly scheduled Docket Call date in the absence of a contrary Court order.

8. Sanctions may be imposed for failure to comply with this Order.


DATED:  2/20/08                         FOR THE COURT:
                                        Tawana C. Marshall, Clerk of Court

                                        by: /s/M. Mathews, Deputy Clerk

Billy D. Price, P.C.
5489 Blair Road
Suite 425
Dallas, TX 75231

7196 7437 1000 0142 2002

**CERTIFIED MAIL**

Ocwen Loan Servicing, LLC c/o
CEO William C. Erbey
1661 Worthington Rd, Ste 100
West Palm Beach, FL 33409

$ 05.94⁰
02 1P
0003744042
MAR 15 2008
MAILED FROM ZIP CODE 75231

UNITED STATES POSTAGE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ocwen Loan Servicing, LLC c/o
CEO William C. Erbey
1661 Worthington Rd, Ste 100
West Palm Beach, FL 33409

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7002 2410 0004 6347 9614

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540